

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

LUBBCOK, DIVISION

Delbert Glenn Rogers, Pro-Se #02634254

Plaintiff,

**Federal Complaint**

**Civil Rights Action**

Cause No. _____

**5-22 CV 0014- H**

v.

Mr. Grey Abbott, Governor of Texas et., al.

In Their Individual and

Officials Capacities,

Defendants.

_____

## I. JURISDICTION & VENUE

(1). This is a Civil Action authorized by 42 U. S. C. Section 1983, to redress the deprivation, under Color of States Law, of the rights secured by the Constitutional of Laws of the United states. The court has Jurisdiction under 28 U. S. C Section 1331 and 1343 (a) (3).

(2). The Northern District of Texas is an Appropriate Venue under 28 U. S. C. Section 1331 and 1343 (a) (3). Because it is where the events giving rise to this claimant occurred.

## II. PLAINTIFF

(3). Plaintiff, Delbert Glenn Rogers, allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, is and was at all times mentioned herein a prisoner of the State of Texas in custody of the Texas Civil Commitment Office. He is currently in Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339.

## III. DEFENDANTS

(4). Plaintiff, allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, objective against Governor Mr. Grey Abbott, action [o]bjective of evil intent that is "[l]egally responsible for the actions taken place within his [n]orm individual and official capacities, as a "[G]overn of Texas" [i]tents and

1

intentionally "[a]busive and obstruction of Justice," allowed the **LACKING** of **"[A]busive Tactic of Assaults and Physical harms that are torture [s]ubjectively and cruel punitive inhuman due to damages,"** under 42 U. S. C. S. § 1983, Deprivation of human Rights that are violation Due Process Clause of the Fourteenth Amendment, treatments due to harms of assault by medical department of [T. C. C. O] and against President of Operations Management Region III, Mr. Michael Bell [M. T. C.] Management Training Corporation 1305 South Main, suite #101 Henderson, Texas 75654 Custom 1: Cause No. SC-20-018-JP3 cover-up's that's taken place at Texas Civil Commitment Center, as if Plaintiff, Rogers, is an citizen not an inmate to be punitive "[o]bjective force as a prisoner of grossly negligent" by Ms. Marsha McLane; Mr. Michael Bell; Ms. Tiffany Grabs; Dr. Guy; Nurse Practioner Ms. Miranda Newkirk, acts [o]bjective within their norms [I]ndividual and Official Capacities, of denial lacking duty too physical harms of assault gross negligent by medical malpractice due to intent Plaintiff, Rogers, seeks exemplary relief damages, punitive relief damages, against all defendants subjectively under Ms. Marsha McLane, acts as Individual and Official Capacities, Supervisory and Executive Director within her [n]orms of Texas Civil Commitment Office, she is legally responsible for the "abusive tactic of medical punitive and exemplary harmful objective force and abusive threats of bodily injuries [o]bjective by these in their Individual and Official Capacities, Medical Malpractices force of [N]egligence, at Texas Civil Commitment Center, also violation of Constitutional Federal Rights, subjectively that are being denied by inhuman abusive tactic, subjective harmful abuse, and pain, exemplary, punitive against Governor Grey Abbott; Ms. Marsha McLane; President Mr. Michael Bell; Ms. Tiffany Grabs; Dr. Guy; Nurse Practioner Ms. Miranda Newkirk; acts within their [n]orms [I]ndividual and Official Capacities, acts subjectively of Management & Training Corporation a Leader in Social Impact, violated under "color of state law," [i]gnoring Due Process Clause of the Fourteenth Amendment, Deprive of Life and Unhuman tactic against life, property, bodily injuries lacking of conduct by **Gross Abusive Negligent "under Color of State Law," and "Obstruction of Justice"** [o]bjectively to deprive the Plaintiff, Rogers, health & safety to what is medical "[a]busive within authority" within the intent intentionally of evil the content to do harmful damages, of human life threats of damages and injuries subjectively ignored.

### IIII. FACTS

(5). Plaintiff, allegation claimant "[s]tates a cause for [a]ction demand," seeking for violation of housing treatment of force threats under camera view violation at **B-1-24-6B, "[D]orm** claimant of notice objective that's aren't a room" **violation** at the Texas Civil Commitment Center, under an order and judgment of Civil Commitment, as a Sexual Violent Predator (SVP). Thus, he is not a "prisoner" within the meaning of 28 U. S. C. § 1915 (H), and is not [s]ubject to the screening provisions of the "[P]risoner Litigation Reform Act. Basic Health Care Services a Physician services include services ordered and performed by a physician that are within the **"[s]cope of practice" of their "[p]rofession as defined by state law,"** [o]bjective that violated Due Process Clause of the Fourteenth Amendment, Optional Health Care Services **"Physical Therapy"** services must be medically necessary and may be covered if provided in a physician's office, or a therapist's office, in an outpatient rehabilitation or subjective

freestanding rehabilitation facility inpatient, [s]ubjectively or in a licensed hospital. Services must be within the provider's scope of practice, as defined by "**Occupation Code, Chapter 453.**"

(6). Plaintiff, allegation claimant states a cause for action against Nurse Practioner Ms. Miranda Newkirk, act of norm within her individual and official capacities, acts **"[M]alpractices of Negligent of Facts"** lacking of abusive that did cause hurt and pain due to harm violation "under color of state law," **"Malpractices of Abusive"** punitive objective violated Due Process Clause of the Fourteenth Amendment, violated [o]bjective due process, protocol that the client complained of "[C]ymbalta broken out mostly allover of the Plaintiff, Rogers, body [s]ubjectively stated on the date: **10/09/2019**, substance type allergy continue burning sensation. [M]s. Miranda Newkirk, individual and official capacities, act of refusing by "negligent **due to process** denial" of another "**Physician provider** orders" to see a skin doctor of "Lubbock, Hospital Physician Care," "that was instructions as applied." But Nurse Practitioner Ms. Miranda Newkirk, refused violated the Plaintiff, Rogers, Constitutional Rights by infliction of more pain, of injections to both [p]laintiff, Rogers, knees cause another **"bad infection" grossly negligent that failed** of "**Kenelog & Lidocaine**" that "**turn badly**" cause the plaintiff, more exemplary, punitive damages, of pain by negligent **"malpractices"** denial "[C]ortisone injection, she changed the injection shots that had worsening the Plaintiff, Rogers, both knees had swollen badly that "**broken out as an infection,**" became abusive shots due to assault that had infected both Knees. And [d]idn't put damages on the report of failure that was intentionally of exemplary, punitive damages, of grossly negligent medical duty that became malpractice, wasn't file at time of dates of damages, assault they didn't want to put the report on notice **due process.** So by give plaintiff, Rogers, the copies of records by refusal, of what was order by the Plaintiff, notice there wasn't any statement of document at all of the corrupt documents giving, acts against Nurse Practitioner Ms. Miranda Newkirk, [a]cts of what happen **[to get out]** and **"got [c]aught"** of what she had done to Plaintiff, was wrong and **"abusive assault exemplary, punitive"** and on other people as client resident as well on that date: **8-4-2021**. She denied and refused the follow-ups for teeth clean on date: **3-14-2021,** as well and scheduled for injection on date: **3-23-2021.**

(7). Plaintiff, allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, for the "[a]busive of authority" by Nurse Practioner Ms. Miranda Newkirk, acts of [N]egligent in her individual and official capacities, acts of Malpractice and the lacking of Medical Care "[u]nder color of state law," was refused and of denial of treatments of a resident client and falsification of records, denied referral appointments orderly by Signature-Physician sign and dated: **6-30-2020, and 8-12-2020**, by statement orderly by Nurse Practitioner Ms. Joanne Castro, and Ms. Valarie Velasquez, needed to return to Covenant Medical Center P. O. Box 1201, LUBBOCK, Texas 79408 Hospital, to Mr. Matthew P. Soape, referring, "[G]astroenterology, Phone number **806-795-4500**. **GI-follow-up 4-6** weeks denied of date: **8-12-2020**, and continue denials of "[D]ue Process of medical Document of Care Clix 3928 Lansing Court, Dumfries, VA 22026. PH: 855-227-3259, denied even other orderly dated: **11/19/2018,**" at 11:37:52 am. Plaintiff, allegation states a claimant cause for action demand seeking

denial of treatments dates: **9/2/2020**; **9/7/2020**; **9/9/2020**, and 10/7/2020, "continuing over three years orderly denied medical treatments to **2021**, going on to **2022**, year. See Id. § 74.001 (a) (13). Or define "Health Care" as any Health care provider for, to, or on behalf of a patient's medical care, treatment, or confinement." **Id. § 74.001 (a) (10).**

(8). Plaintiff, allegation claimant states a cause for action demand seeking against President Mr. Michael Bell, acts in his individual and official capacities, violation of Due Process of Lacking of Care Treatments due to negligent malpractice denial of transportation scams. Management & Training Corporation a Leader in Social Impact, [M]edical Department, "[F]ailure Due to Lacking Reasonability of Care," violation "[D]ue Process Clause of the Fourteenth Amendment," will protect pretrial detainees from the provision of [i]nadequate medical subjected by the state." McKenna v. Wrigth, 2002 U. S. Dist. Lexis #$*(; 2002, W. L. 338375; at *9 (S.D.N.Y. Mar. 4, 2002) (citing Sulkowska v. City of New York, 129 F. Supp. Ed. 274, 291-92, N, 29 (SDNY.2001) law-suit against Nurse Practitioner Ms. Miranda Newkirk, [a]cts of evidence "'[m]edical negligent diagnosis," denied of Due Process that is required, see [M]c Guckin, 976 F. 2d 1059; **(1)** "[d]irectly participated in the infraction;" **(2)** "[f]ailed to remedy the wrong after learning of the violation;" **(3)** "[c]reated a policy or custom under which is unconstitutional practice, occurred," or allowed such a policy or custom to continue; **(4)** was "[g]rossly negligent in managing subordinates who cause the unlawful to continue knowingly of the condition or event;" or **(5)** exhibited gross negligent or "[d]elberte indifference" to the Constitutional Rights," violation of the Plaintiff, Rogers, rights objective "[b]y having actual or constructive notice of the [U]nconstitutional practice and Failure to act." Under Kregler, 821 F. Supp. 2d at 655-56 (citing Colon v. Coughlin, 58, F. 3d. 865, 873 (2 Cir. 1995); Wright, 21 F. 3d. at 501). Up-on information and belief. Norton, 122 F. 3d at 291. For the "[e]xemplary relief damages, punitive relief damages, of Bodily harm of both knee's causing infection by objective Nurse Practitioner Ms. M. Newkirk, action" within her [n]orm & [I]ndividual and Official Capacities, acts Denial of Physical Therapy, of Grossly Negligent to resident client Rogers, "Health or  Safety" subjectively of tens unit placement, ROM exercise, strengthening exercise, gait training home exercise program, that has been denied; **2-3** expert week ex- **4-6** weeks' order dated: **5-12-202**, - at 9:50 am, but negligent suffering that are sufficient gross "Failure to Comply to Medical Diagnosis orderly of another Nurse Practioner Ms. Joanne Castro, and Ms. Valarie Velasquez Rn, Director of Nursing [T.T.U.H.S.C.];" orderly  violation on date: **5-12-2020**, violated Due Process Clause of the Fourteenth Amendment, exemplary, punitive refused to treat a patient by the involved when a state officer, use negligent acts and action under, Smith v. Carpenter, 316 F. 3d at 184, cause an unintended loss of or [i]njuries to life, liberty, or property violation "under color of state law."

(9). Plaintiff, allegation claimant states a cause for action demand seeking damages against objective Nurse Practioner Ms. Miranda. Newkirk, within her [n]orm of Individual and Official Capacities, acts of lacking duty negligent abusiveness diagnosis of side effects that she intentionally knew would cause the infection ignoring the facts of treatment to a serious medical need "under color of state law," exemplary, punitive action "[L]acking of

Due Care, Mental Anguish, see 22, Am J. 2d. Damages § 195, and Bodily injuries, see 29A. Am. J. Rev. Ed. Ins § 1168," subjectively such as from negligence, suffering due to sufficient that are suggests no more harms than a failure to measure up to the conduct of "Business" as a reasonable person. "To hold an injury cause of by such conduct and [w]anton of infliction of pain" is a [D]eprive with the meaning of the [C]onstitution would "[t]rivialize the Centuries,"- Old Principle of Due Process of Law." **53 Id.** Deprivation of Personal Liberty, see 1, B1. Comm. 134,

(10). Plaintiff, allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, against Nurse Practioner Ms. Miranda Newkirk, acts as a Physician within her [n]orm of assault negligent individual and official [c]apacities, under Wood v. Strickland, 420 U. S. 308, 322 (1975). The subjective component reefer's to "[p]ermissible intentionally." Ibid. Characteristically the court has defined these elements by identifying the criminstance in which Qualified Immunity, would not be available. Referring both to the objective and subjective elements, we held that Qualified Immunity, "[w]ould be defeated if an official" knew or reasonable should have known, that the action he or she took within his sphere of official responsibility, would violated the Constitutional Rights of the Plaintiff, or if he took the action with the malicious intentionally injury..." **Ibid.**

(11). Plaintiff, allegation claimant states a cause for action demand seeking exemplary, punitive "[O]bjective Due Process as a State and Federal Rule from Federal Court of "[O]bstruction of Justice," subjectively and "Abusive of Authority of Assault under color of state law:"
**Civil Rights Law > Section 1983 Actions > Scope**
**Civil Rights Law > Section 1983 Actions > General Overview.** To state a claimant under 42 U.S.C.S. § 1983, a plaintiff must show two things: (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of a federal right, either statutory or constitutional.

(12). Plaintiff allegation claimant states a cause for action demand seeking actions of the **Lacking of Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection**. The Due Process Clause forbids arbitrary deprivation of liberty, where a person's good name, reputation, honor or integrity is at stake because of what the government is doing to him.

(13). Plaintiff, allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, and intent of suffering by the negligence from the Defendant act and action of intentionally denied of medical care Treatment:
**Agents or Agencies of State**
State may not, by any of its agencies, disregard Prohibitions of Fourteenth Amendment. Georgia Power Co. v. Decatur, 281 U. S. 505, 50 S. Ct. 369, 74 L. Ed 999 (1930).

5

(14). Plaintiff, allegation claimant states a cause of action demand seeking exemplary relief damages, punitive relief damages, violation Due Process Clause of the Fourteenth Amendment:

**Acts of Private Entities as State Action:**
Civil Rights such as are guaranteed by "[C]onstitution against State Aggression Agency, cannot be impaired by wrongful acts of individual, unsupported by state laws, customs, or judicial or executive proceedings. United States v. Stanley, 109 U. S. 3, 3 S. Ct. 18, 27 L. Ed. 835 (1883)."

(15). Plaintiff, allegation claimant state a cause for action demand, objective seeking violation under **Amendment 5. Due Process of Law and just Compensation Clause:**
[N]or shall any person be subject for the same offence to be twice put in jeopardy of life; Nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, or property without due process of law; Nor shall private property be taken for public use, without just compensation subjective exemplary, punitive.

(16). Plaintiff, allegation claimant states a cause for action demand, seeking under the Fourteenth Amendment Due Process Clause. See Sagana v. Tenorio, 384 F. 3d 731, 736-37 (9th Cir.2004) ("A party need not plead specific legal theories in the complaint, so long as the other side receives notice as to what is at issue in the case).
The Due Process Clause of the Fourteenth Amendment, "protects pretrial detainees" who have not been adjudged guilty of any "[c]rime from" any conditions or restrictions that amount to exemplary, punitive. Bell v. Wolfish, 441 U. S. 520, 535-37 (1979); see also Valdez v Rosenbaum, 302 F. 3d 1039, 1045 (9th Cir. 2002) ("Pretrial detainees have a substantive Due Process Rights against restrictions that amount to punishment."). "This right is violated if restriction is 'imposed for the purpose of punishment.'" Valdez, 302 F. 3d at 1045 (quoting Bell, 441 U. S. at 535). A pretrial detainee's Fourteenth Amendment failure-to-protect claim requires the following elements: **(1)** the defendant made an intentional decision regarding the conditions under which the Plaintiff, was confined; **(2)** those conditions put the Plaintiff, at substantial risk of suffering serious harm; **(3)** the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the High degree of risk involved-making the consequence of the defendant's conduct obvious; and **(4)** by not taking such measures, the defendant caused the Plaintiff's injuries. Castro, 833 F. 3d. at 1070. With respect to the third element, the defendant's conduct must be objectively unreasonable, a determination that will turn on the facts and circumstances of each particular case. **Id.**

(17). Plaintiff allegation claimant states a cause for action demand seeking for Deprive of Constitutional Rights and violation Due Process Clause of the Fourteenth Amendment, deprive of Plaintiff, Rogers, Medical Appointment. Plaintiff, was Negligent [I]ntentionally after Colonoscopy Surgery, that was done on date: **8-12-2020**, ignored by Nurse Practioner Ms. Miranda Newkirk, acts intent of harms and suffering and sufficient due deprivation against

Plaintiff, Rogers, rights placed in another sick call on date: **9-2-2020, at time 1730,** asking for the follow-up appointments, another one on date: **9-10-2020,** that was claimed scheduled by notice from the sick call was falsified and continue to ignore more due to wanton infliction of pain.

(18). Plaintiff, allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, objective against Nurse Practicner Ms. Mirada Newkirk, acts individual and official capacities, falsification of document of deprive objectively under "[M]onell v. New York Social Service, 98 S. Ct. 2018 (1978)." When a respondent Supervisor has put in place a Practice or Policy with a "[D]eliberate Objective" to violated your" [E]ighth Amendment Rights against, Cruel and Unusual Punitive –which cause you [w]onton infliction of pain, even more so because of their "deliberate Indifference." They can be held Liable, Due Process Clause of the Fourteenth Amendment, act dated: **4-8-2021**, to bodily harm under this action Authorized by 42 U. S. C. Section 1983 to redress the deprivation, "under color of state," of the rights secured by the Constitution of Law of the United states. The Court has Jurisdiction under 28 U. S. C. Section 1331 and 1343 (a) (3), for subjectively the "[d]enial and negligent diagnosis medical treatments," of "Dental Care" "Medical Care," that Due Process by all means denial to any inadequate medical equipment or outpatient care Dental Appointment treatment, work scheduled claimed was denied stated, of an appointment notice on date:**10-4-2020**, denied of Due Process Clause of the Fourteenth Amendment.

(19). Plaintiff, allegation claimant states a cause for action demand seeking against Nurse Practicner Ms. Miranda Newkirk, action within her [n]orm as an individual within her official capacities, that caused an infection both the Plaintiff, Rogers, knees intentionally created more negligent intent harm due to assaulting both Plaintiff, Knee's and ignored the abusive assault out comes of the treatment by her hands on date: **8-4-2021,** and refused to report by the intention of harmful swelling of abusive negligent to ignore notice document that would have shown cause infection failure to report intentionally notice, [n]eeded of swelling to be complete looked at the next date: **8-5-2021,** but [i]gnore filing the damages, wanton infliction of pain and suffering that turn to assault. Under 42 U. S. C. S. § 1983, see Canton v. Harris, 489, U. S. 378, 387-390. 109 S. Ct. 1197, 103 L. Ed 2d. 412 (1989). **(1)** she directly participated in the infraction; **(2)** failure to remedy the wrong after learning of the violation; **(3)** Created a policy or custom to continue; **(4)** was grossly negligent in managing subordinates who caused the unlawful condition or extern event; or **(5)** exhibited gross, negligence or "deliberate indifference" to the Constitutional Rights of the Plaintiff, Rogers, by having actual or constructive notice of the Constitutional Practice and Failure to Act. Kregler, 821 F. Supp. 2d at 655-56 (citing Colon v. Coughlin, 58 F. 3d 865, 873 (2d Cir. 1995); Wright, 21 F. 3d at 501).

(20). Plaintiff, allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, from all defendant's named of acts in their individual and official capacities, objective for violation of "Due Process Clause of the Fourteenth Amendment provides:" "[N]or shall any state deprive any person of life,

7

liberty, or property, subjectively without due process of law." Historically, this guarantee of Due Process has been applied to Deliberate decision of government officials to deprive a person of life, liberty, or property, e.g. Hudson v. Palmer, 468 U. S. 517 (184) (intentional destruction of inmate's property). No decision of this Court before Parratt supported the view that negligent conduct by state officials, even though-causing injury, constitutes a deprivation under the Due Process Clause. This history reflects the traditional and Doctrine of Due Process Clause, like its forebear in the Magna Carta, see Corwin, The Doctrine of Due Process of Law before the Civil War, 24, Harv. L. Rev. 366, 368 (1911), was "intended to secure the individual from the arbitrary exercise of the powers of government," see also Wolff v. McDonnell, 418 U. S. 539, 558 (1974) (("The touchstone of Due Process is protection of the individual against arbitrary action of government, Dent v. West Virginia, 129 U. S. 114, 123 (1889)"); Parratt, Supra, at 549 (Powell, J., concurring in result). By requiring the government to follow appropriate procedures when its agents decide to "deprive any person of Life, Liberty, or property," the Due Process Clause promotes fairness in such decisions. And by barring certain government actions regardless of the fairness of the procedures used to implement them, e.g., Rochin, Supra, it serves to prevent governmental power from being "used for purposes of oppression," Murray's Lessee v. Hoboken Land & Improvement Co., 18, How. 272, 277 (1856) (discussing Due Process Clause of the Fifth Amendment).

(21). Plaintiff allegation claimant states a cause for action demand seeking, exemplary relief damages, punitive relief damages, against "[a]ll defendant's named of acts within their [i]ndividual and official capacities," action of violation within their [n]orm objective deprivation against Plaintiff, Rogers, Due Process Clause of the Fourteenth Amendment Federal Rights and Constitutional Rights [o]bjectively of medical negligent," and suffering on top of another consequence due of an "[w]anton infliction of pain that ended and an assault." Plaintiff, allegation states a cause for action as demand seeking **deprive**, under 42 U. S. C. S. § 1983, see Canton v. Harris, 489 U. S. 378, 387-390, 109 S. Ct. 1197, 103 L. Ed 412 (1989). **(1)** She directly participated subjective in the infraction; **(2)** Failure to remedy the wrong after learning of the grossly negligent violation; **(3)** Created a policy or custom inhuman tactic deprive under which Constitutional practices occurred, or allowed such a policy or custom to continue; **(4)** was grossly negligent in managing subordinates who cause the unlawful condition or extern events exemplary; or punitive **(5)** Exhibited gross, negligence or Deliberate indifference to the Constitutional Rights of the Plaintiff, by having actual or constructive notice of the Unconstitutional Practice and Failure to act. Kregler, 821 F. Supp. 2d at 655-56 (citing Colon v. Coughlin, 58 F. 3d 865, 873 (2d Cir. 1995); Wright, 21, F. 3dat 501).

**Title 42 The Public Health and Welfare Chapter 21. Civil Rights Generally § 1983 Civil Action for Deprivation of Rights:**

Application of Dec. 29, 1979, Amendment Act Dec. 29, 1979, P. L. 96-170, § 3, 93 Stat. 1284, which appears as 28 U. S. C. S. § 1343 note, provide that the Amendment made to this section by such act are application with respect

to any deprivation of rights, Constitution and Law's occurring after enactment on Dec. 29, 1979, § 1343, Civil Rights Paragraph (a). 1,2,3, Thru 4. (b) Paragraph 1, and 2.

(23). Plaintiff, allegation claimant states a cause for action demand seeking action for Nurse Practioner Ms. Miranda Newkirk, act of denials statements to the grievance dated: **11-23-2021**, claims of sign off if none of those **medical appointments**, that hadn't been made from her. As a Violation of Due Process of the Plaintiff, Rights, objective what happen to the serious medical needs appointments following up of suffering due process that **"haven't been made at all"** that she claimed she haven't seen, subjective cancelled or rescheduled **going on over three years'** deprivation now. Due to Medical Department of Texas Tech Medical orders of Nurse Practioner Ms. Joanne Castro, had made of appointment to Lubbock, Hospital before they pulled away from [T.C.C.O.] abuse action and others appointment have been "denied diagnosis ignoring" due to insufficient suffering of [M.T.C.]; abusiveness of any medical condition due to more pain added by you Ms. Miranda Newkirk, acts of condition tactic personal involvement performant confinement suppress evidence treatment. "[D]eprive on the enjoyment" "wanton infliction pain," on her behalf, that she intentionally fails to follow-up on orders [d]iagnosis [of another medical doctor's accurate notice] objective as well... why? But you want me to give you the dates, of appointment you should of have **known**, as an official and administrative violation of **"Code of Professional Ethic"** due to punitive, exemplary and she cause Plaintiff, more damages, deprive of Plaintiff, rights, of his  Fourteenth Amendment, and Eighth Amendment, rights by force deprivation of Federal rights and Constitutional rights violation or of plaintiff, being due to a client patient **Care "Health & Safety"** of any outcomes "[d]eliberate objective" to violate Plaintiff, Eighth Amendment rights against exemplary, punitive which cause him a "[w]anton infliction of pain, that worsen to both his knees .

(24). Plaintiff, allegation claimant states a cause for action demand seeking for "[d]eliberate indifference" objective exemplary relief damages, punitive relief damages, under the **Texas Rules of Civil Procedure Section 8, Pre-trial Procedure Rule 166. Pretrial Conference Rules subjectively.**
**Rule 166 (A) Summary Judgment**
(A). For Claimant. A part seeking to re-cover up-on claimant, count claim, or cross, or to obtain a declaratory Judgment may, at any time after the adverse party has appeared or answered, more with or without supporting affidavits for summary judgment in his favor all or any character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

(E). Case not fully adjudicated on "[m]otion. If summary judgment is not rendered upon the whole case or for all the hearing examine the pleading and the evidence on file, interrogate counsel, ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of Law, and direction such further proceeding in the action as are just.

(1). Plaintiff, allegation Claimant states a cause for action damages seeking for the force infliction of pain due to acts of intentional denied of medical care treatment, Title 28. Judiciary and Judicial Procedure Part V. Procedure Chapter 123, fee and coats § 1915A Screening.

(2). Plaintiff, allegation Claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, from a defendant who is [i]mmune from such relief. Unconstitutional condition of confinement, objective during the period of his confinement at the Texas Civil Commitment Center, acts due of grossly negligent and suffering subjective that are intent that did cause harm to the Plaintiff, Rogers, on date**: 8-4-2021.**

## EXHAUSTION OF LEGAL REMEDIES

Plaintiff, Delbert Glenn Rogers, allegation claimant states a cause for action, demand seeking the use of the resident client grievance procedure available at the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339. By trying to resolve the problems that are mentioned here at [T.C.C.C.] of [M. T. C. illegally force without medical treatment or refused by the negligent intent pain and suffering that are harmful and hurtfully of Management & Training Corporation a Leader in Social Impact considered against all defendants named Mr. Grey Abbott; Ms. Marsha McLane; Mr. Michael Bell; Ms. Tiffany Grabs; Nurse Practioner Ms. Miranda Newkirk, acts and Dr. Guy, acts failure to follow-up on plaintiff, eyes and other medical appointments was order denied due over three years within their [I]ndividual and [O]fficial Capacities, [d]enial of treatments after assault of both knees that was damage, deprive of rights under Federal Laws, and that are Constitutional of the United States. Medical [a]ppointments objectively denied **"under color of state law." Submitted Grievances Step dates: 11-15-2021, GV 21-11-07; and Step 2, date: 11-30-2021, GV 21-11-07.**

## MEMORANDUM OF LAWS

(25). Plaintiff, allegation claimant states a cause for action demand seeking exemplar, punitive relief damages, The Due Process Clause of the Fourteenth Amendment, will protect pretrial detainees from the provision of inadequate, medical care by the state. McKenna v. Wright 2002 U. S. Dist. Lexis 3489; 2002 W. L. 338375; at *9 (S.D.N.Y. Mar. 4, 2002) (citing Sulkowska v. City New York, 129 F. Supp. 2d. 274, 291-92, N. 29 (S.D.N.Y. 2001).

(26). Plaintiff allegation claimant states a cause for action demand seeking under Eighth Amendment, of the U. S. Constitution-Chance v. Armstrong, 143 F. 3d. 689, 702 (2d. Cir. 1989).

(27). Plaintiff, allegation claimant states a cause for action demand seeking exemplary relief, Officials acted with a sufficiently Capable state of mind. **Id.** At 183-184; Chance v. Armstrong, 143 F. 3d. at 702; Estelle v. Gamble, 429 U. S. at 104; Hathaway v. Coughlin, 99 F. 3d 550, 553 (2d. Cir. 1996).

(28). Plaintiff, allegation claimant states a cause for action demand seeking punitive relief damages exemplary relief damages, under Smith v. Carpenter, 316 F. 3d. at 184.

(29). Plaintiff, allegation claimant states a cause for action demand seeking punitive relief damages, exemplary relief damages, under Brock v. Wright, 315 F. 3d 158, 162-63 (2d Cir. 2003).

(30). Plaintiff, allegation claimant states a cause for action demand seeking punitive, under Norton, 122 F. 3d. at 291.

(31). Plaintiff, allegation claimant states a cause for action seeking under Eighth Amendment, **Id. At 105-06.**

(32). Brewster v. Dretke, 587, F. 3d 764, 770 (5th Cir. 2009); Cert. Denied, 560 U. S. 944, 130 S. Ct. 3368, 176 L. Ed. 1254 (2010).

(33). Hudson v. McMillian, 503 U. S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

(34). Estelle v. Gamble, 429 U. S. 97.

(35). 516 F. 2d 937

(36). Hutto v. Finney, 437 U. S. 678, 57 L. Ed. 2d 522 (1978).

(37). Wilson v. Seiter, 501 U. S. 294, 115 L. Ed. 2d 271 (1991).

(38). Estelle v. Gamble, 50 L. Ed 2d. 251, 429 U. S. 97 (1976).

(39). Title 42. The Public Health and Walfare Chapter 21, Civil Right: Generally, § 1983, Civil Action for Deprivation of Rights.

(40). Heck, 512 U. S. at 489-90. Also see Schilling, 58 F. 3d. at 1087 N. 5. 3. The underlying theory of Heck, however, provides the foundation for the proper resolution of the issue in this case by demand

11

(41). Plaintiff allegation claimant states a cause for action demand seeking exemplary relief damages, punitive relief damages, under **Texas Statues Civil Practice and remedies Code Title2. Trial, Judgment, and Appeals Subtitle C. Judgments.**

**Chapter 41. Damages Sec. 41.001. Definition in this Chapter.**

**Sec. 41.001. Definitions in this chapter:**

(1). Plaintiff, allegation claimant states a cause for action demand seeking recovery of Negligent Damages. In a cause for action in which the party is seeking recovery of damages related to his injuries to another person, damages to the property of another person, or other harm to another person, claimant includes both that other person and the party seeking recovery of damages.

(2). Clear and convincing means the measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the truth of the allegation sought to be established.

(3). Defendant means a party, including a counter defendant, cross-defendant, or third-party defendant, from whom a claimant seeks relief.

(4). Economic damages mean compensatory damages intended to compensate a claimant for actual economic or pecuniary loss; the term does not include exemplary damages or noneconomic damages.

(5). Exemplary damages mean any damages awarded as a penalty or by way of punishment but not for compensatory purpose. Exemplary damages are neither economic nor noneconomic damages include punitive damages.

(6). Fraud means fraud other than constructive fraud.

(7). Malice means a specific intent by the defendant to cause substantial injury or harm to the claimant that against as Nurse Practioners Ms. Miranda Newkirk, action and Dr. Guy and their individual and official capacities.

(7-a). Net worth means the total assets of a person minus the total Liabilities of the person on a date determined appropriate by the trial court.

(8). Compensatory damages mean economic and noneconomic damages. The term does not include exemplary damages.

(9). Future damages mean damages that are incurred after the date of the judgment. Future damages do not include exemplary damages.

(10). Future loss of earing mean a pecuniary loss incurred after the date of the judgment, including:

(a). loss of income, wages, or earning capacity; and

(b). loss of inheritance

(11). Gross negligence means an (act) or acts;

(A). which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

(B). of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

(12). Noneconomic damages mean damages awarded for the purpose of compensatory, a claimant for physical pain and suffering, mental or emotional pain or anguish, loss of consortium, disfigurement, physical impairment, loss of companionship and society, inconvenience, loss of enjoyment of life, injury to reputation, and all other nonpecuniary losses of any kind other than exemplary damages.

(13). Periodic payments mean the payment of money or its equivalent to the recipient of future damages at defined intervals. **History:**

Enacted by Acts 1987, 70th Leg., 1st C. S. ch. 2 (S.B.5), § 2.12, effective September 2, 1987; Am. Acts 1995, 74th Leg., ch. 19 (S.B. 25), § 1, effective September 1, 1995; Am. Acts 2003, 78th Leg., ch. 204 (H.B. 4), § 13.02, effective September 1, 2003; Am Acts 2015, 84th Leg., ch. 1159 (S.B.735), § 1, effective September 1, 2015.

**Laws of the United States causing such person to suffer grievous harm, and that such deprivation is pursuant to a pattern:**

**Title 42. Public Health and Welfare Chapter 21. Civil Rights Institutionalized person § 1997 A. Initiation of Civil Action:**

(A)- Discretionary authority of Attorney General: Precondition.

(B)- Discretionary award of attorney fees.

(C)- Attorney General to Personally sign Complaint.

(42). Mental Anguish see 22, Am. J. 2d Dam. § 195, and Bodily injuries, see 29A. Am. J. Rev. Ed. In § 1168,

**PRAY FOR RELIEF**

**Wherefore, Plaintiff**, respectfully prays that the court enter judgment for the Plaintiff, seeks exemplary, punitive, assault:

Granting Plaintiff, Delbert Glenn Rogers, a declaration that the action(s) and described herein that violation of Due Process Clause of the Fourteenth Amendment, deprive Plaintiff, rights under the Constitution and Laws of the

United States. Federal Constitutional Rights wherein violation "under Color of State Law," by the action under 42 U. S. C. S. § 1983, action of deprivation. The court has Jurisdiction under 28 U. S. C. Section 1331 and 1343 (a) (3).

(1). Plaintiff, allegation claimant states a cause for action demand [s]eeking a Settlement for wanton infliction of pain, of assault and suffering ignored and **"Denial of Medical"** appointments objective by force and referring treatment by [T.C.C.O.] state agency and [M.T. C.] for the sum of Settlement **$ 4. 5 Million,** Dollars for Bodily Injuries of assault gross negligent by the intent of being intentionally over a point of years, against Nurse Practioner Ms. Miranda Newkirk, acts Individual and Official Capacities, "under color of state law" that cause more harms, hurt, sufficient suffering to wanton infliction of pain, "[D]eliberate Indifference" abusive exemplary relief damages, punitive relief damages.

(2). Plaintiff, allegation claimant states a cause for action demand seeking for Denial of not given notice of Due Process, on the dates orderly of treatment out comes grossly negligent of failure by on date: **8-4-2021**, intent gross sufficient that cause suffering, of the harmful force injuries wanton infliction of pain, and swelling to the Plaintiff, Rogers, both knees and eye refused treatment of his statment as a failure of medical treatment operation on date: **9-30-2021, 6:30 pm** by Dr. Guy, acts within his [i]ndividual and official capacities, under color of state law, of acts due to failure of follow-up's treatments sufficient harms due to suffering and  wanton infliction of pain, at the Texas Civil Commitment Center, of [M. T. C.]  Medical Department, acts under color of state law, by [M.T.C.] staff, of inhuman grossly negligence that is abusive assault was exemplary, punitive and sanction relief damages needed.
(3). Plaintiff, allegation claimant states a cause for action demand seeking, action on the behalf of **N, 97.** The Agency must revoke a defendant's license when he/or she is sent to prison, **"Tex. Occupation Code § 302.402 (a) (3)."**
Following any conviction, community supervision revocation, parole revocation, or mandatory supervision revocation, N 98 Tex. Occupation Code § 53.021 (b) (Vernon); Att'y Gen' L. Op. No. JM-482 (1986). [3] Business or Professional License Generally, a defendant convicted of a Felony or Misdemeanor, offense may lose the rights to receive or continue to hold a business, or professional license issued by the state.

**UNSWORN DECLARATION**

I, Delbert Glenn Rogers, declare under penalty of perjury that the instrument is true and correct.

Executed on this _2_ , day of _FEbRUARY_ ,2022.

Respectfully Submitted

_Delbert Glenn Rogers_

DELBERT GLENN ROGERS, PRO-SE #02634254

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339.

**CERTIFICATION OF SERVICE**

**This,** to certify that a true copies of the forgoing instrument: Memorandum of Laws has been forwarded to the

United States District court office of the Clerk, Northern District of Texas 1205 Texas Ave, Room #209 Lubbock,

Texas 79401. By U. S. Postage.

Executed on _2_ day of _FEbRUARY_ 2022.

Respectfully Submitted

_Delbert Glenn Rogers_

Delbert Glenn Rogers, Pro-Se #02634254

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339.

15

DELBERT GLENN ROGERS 0263-254
TEXAS CIVIL COMMITMENT CENTER
2600 SOUTH SUNSET AVE.,
LITTLEFIELD, TEXAS 79339

TO:                                              DATE: 2-2-2022
UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1205 TEXAS AVE., ROOM #209
LUBBOCK, TEXAS 79401


DEAR COURT

(1). I'VE BEEN FORCE TO STOP ON ANY OR ALL LEGAL WORK

(2). WE ARE HEAR TO BE PUNITIVE THREATEN AND PUT IN

HARM'S WAY BY M.T.C. AND T.C.C.O.

(3). THEIR CLAIMING IT'S COVID-19 WITHIN T.C.C.C.

THAT ADMINISTRATIVE AND MOST STAFF ARE CONTINUE

TO BRING END COVID-19 AND OTHER ILLNESS THAT

ARE PLACING CLIENT'S CONTINUE AND HARM'S WAY

(4). DENIAL OF MEDICAL TREATMENT BY MEDICAL ADMINISTRATION

STAFF AND FALSIFICATION OF DOCUMENT BEING

DENIED GOING ON THREE YEARS OF PUNITIVE DAMAGE'S

AND HUMAN HARM.


RESPECTFULLY SUBMITTED
Delbert Glenn Rogers
DELBERT GLENN ROGERS
TEXAS CIVIL COMMITMENT
2600 SOUTH SUNSET AVE.,
LITTLEFIELD, TEXAS 79339

DELIER 1 TO JUUENI TOLORUI Y
T. L. C. Li
2600 SOUTH SUNSET AVE.
LITTLEFIELD, TEXAS 79339

1 OF 2

FEB - 4 2022

1205 TEXAS AVE., ROOM #209
LUBBOCK, TEXAS 79401

NORTHERN DISTRICT OF TEXAS
OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT